IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| HAKIM ALI BRYANT,<br><br>              *Plaintiff*,<br><br>   v.<br><br><br>OFFICER MICHAEL COLLINS, *et al.*,<br><br>              *Defendants*. | CIVIL ACTION<br>NO. 15-00302 |

**MEMORANDUM**

**PAPPERT, J.**                                                                                                    **September 16, 2015**

       Before the Court is David Wesley Cornish's ("Cornish") Motion for Leave to Withdraw as Plaintiff's counsel (the "Motion"). (ECF No. 18.) For the reasons that follow, the Court denies the Motion.

**I.**

       Plaintiff Hakim Ali Bryant ("Plaintiff") originally filed this § 1983 action *pro se* on February 5, 2015, alleging violations of his constitutional rights arising from an unlawful arrest. (ECF No. 4.) Plaintiff filed an amended complaint on April 30, 2015 (ECF No. 5) and all Defendants (except newly-named Defendant Christopher Hulmes) answered on May 20, 2015. (ECF No. 7.) A scheduling conference was held on June 29, 2015 (ECF No. 11) and the case Scheduling Order was issued on July 1, 2015. (ECF No. 13.) Plaintiff thereafter retained Cornish, who entered his appearance as Plaintiff's counsel on August 5, 2015. (ECF No. 15.) On August 6, 2015, the Court denied Plaintiff's motion for leave to file a second amended complaint. (ECF No. 17.) Fourteen days later, Cornish filed a Motion for Leave to Withdraw as

Plaintiff's counsel because "[a]s the Amended Complaint stands, Plaintiff's Counsel has doubt whether a claim was articulated in the amended complaint for which relief may be sought." (Mot. Leave Withdraw 2.)  Cornish provides no further reason for his withdrawal.  Defendants did not file a response to Cornish's Motion.

## II.

Rule 5.1 (c)[1] of the Local Rules of Civil Procedure for the Eastern District of Pennsylvania provides that an "attorney's appearance may not be withdrawn except by leave of court, unless another attorney of this Court shall at the same time enter an appearance for the same party." *Alzheimer's Inst. of Am., Inc. v. Avid Radiopharms.*, No. 10-cv-6908, 2011 WL 6088625, at *5 (E.D. Pa. Dec. 7, 2011) (citing Local R. Civ. P. 5.1(c)).  No other attorney has entered an appearance as counsel for the Plaintiff.  Comments to the former rule suggest four factors courts should consider in deciding whether to grant a motion to withdraw:  (1) the reason withdrawal is sought; (2) the prejudice withdrawal may cause to litigants; (3) the harm withdrawal might cause to the administration of justice; and (4) the degree to which withdrawal will delay resolution of the case. *Id.* (citing *Taylor v. Stewart,* 20 F. Supp. 2d 882, 883 (E.D. Pa. 1998)).  Whether to permit an attorney to withdraw must be determined with reference to the purposes underlying Local Rule 5.1, which "include providing for communications between the litigants and the court, as well as ensuring effective court administration." *Ohntrup v. Firearms Ctr., Inc.*, 802 F.2d 676, 679 (3d Cir. 1986).

The Pennsylvania Rules of Professional Conduct apply in proceedings before this Court and should also be considered in deciding motions to withdraw. *E.I. Du Pont De Nemours &*

---

[1]    Local Rule 5.1(c) was formerly Local Rule 18(c).  *See Alzheimer's Inst. of Am., Inc. v. Avid Radiopharms.*, No. 10-cv-6908, 2011 WL 6088625, at *5 (E.D. Pa. Dec. 7, 2011).

*Co. v. New Press, Inc.*, No. 97-cv-6267, 1999 WL 98593, at *1 (E.D. Pa. Feb. 25, 1999) (citing Local R. Civ. P. 83.6 (Rule IV)).  The pertinent provision of Pennsylvania Rule of Professional Conduct 1.16 ("RPC 1.16"), entitled "Declining or Terminating Representation," provides that a lawyer may withdraw from representation of a client if "good cause for withdrawal exists."[2]  Pa. R. Prof. Conduct 1.16(b)(7).  Comment 1 to RPC 1.16 instructs that "[a] lawyer should not accept representation in a matter unless it can be performed competently, promptly, without improper conflict of interest *and to completion*."[3]  Pa. R. Prof. Conduct 1.16, Comment 1 (emphasis added).

### III.

Cornish does not have good cause to terminate his representation of the Plaintiff in this case.  As recounted above, Cornish seeks to withdraw because the Court denied his motion for leave to file a second amended complaint and, given the current complaint "as it stands," Cornish "has doubt whether a claim was articulated in the amended complaint for which relief may be sought."  (Mot. Leave Withdraw 2.)  An attorney does not have good cause to withdraw simply because he or she thinks his or her client does not have a case.  *See, e.g., Mervan v. Darrell*, No. 93-cv-4552, 1994 WL 327626, at *2 (E.D. Pa. July 8, 1994) ("Simply because counsel has now concluded that plaintiff 'does not have a viable action under 42 U.S.C. Section 1983' does not state a satisfactory reason for withdrawal").

More importantly, however, the Court denied Plaintiff leave to file a second amended complaint for procedural reasons *without prejudice* and invited Plaintiff to re-file in the proper

---

[2] Cornish has not indicated that he seeks to withdraw under any other subpart of Pennsylvania Rule of Professional Conduct 1.16.

[3] Local Rule 5.1(c) works in tandem with RPC 1.16(c), which states that a "lawyer must comply with applicable law requiring notice to or permission of a tribunal when terminating a representation.  When ordered to do so by a tribunal, a lawyer shall continue representation notwithstanding good cause for terminating the representation." Pa. R. Prof. Conduct 1.16(c).

format.  (*See* ECF No. 17.)  In its August 6, 2015 Order, the Court noted that "Plaintiff's Motion improperly requests leave to amend by failing to attach a copy of the proposed amended complaint" and that "Plaintiff is free to re-file his Motion and attach a copy of the proposed amended complaint in accordance with Federal Rule of Civil Procedure 15(a)(2)."  (*Id*. at n.1.)  Cornish's stated reason for withdrawal not only fails to constitute good cause, but also fails to accurately represent the procedural posture of the case.  Cornish is not required to build Plaintiff's case around the amended complaint "as it stands" and the Court has indicated that it will accept Plaintiff's second amended complaint if filed in the proper format.  *See Carter v. City of Philadelphia*, No. 98-cv-2903, 2000 WL 537380, at *2 (E.D. Pa. Apr. 25, 2000) (denying plaintiff counsel's motion to withdraw because, *inter alia*, "the basis for Green's motion seeking withdrawal no longer exists.").  The Court accordingly finds that good cause does not exist.[4]

Consideration of the other Rule 5.1(c) factors also weighs in favor of denying Cornish's motion.  Although Cornish argues that Plaintiff will suffer no prejudice from his withdrawal (Mot. Leave Withdraw 2), the Court is not convinced.  Before Cornish agreed to represent Plaintiff in this case, Plaintiff was proceeding *pro se* pursuing claims for violations of his constitutional rights under 42 U.S.C. § 1983.  (*See* Am. Compl. 3, ECF No. 5.)  These § 1983 claims present complex questions of constitutional law which are likely beyond the ken of a layman representing himself.  Moreover, while Cornish contends that "via telephone call on August 21, 2015, [he] informed Plaintiff about his intention to withdraw" (Mot. Leave Withdraw 2-3), Cornish does not indicate whether he "advised [Plaintiff] of the potential consequences of an order permitting withdrawal" or whether Plaintiff consented to Cornish's withdrawal.

---

[4] The Court reminds Cornish that it is his duty as Plaintiff's counsel to effectuate service upon the newly-named Defendant Christopher Hulmes.  *See* Pa. R. Prof. Conduct 1.1, 1.3.  Thus, the fact that "the additional defendant Christopher Hulmes was not served after the amended complaint" (Mot. Leave Withdraw 2) is not good cause for Cornish's withdrawal.

*D'Amico v. Panasonic Corp.*, No. 96-cv-5238, 1998 WL 54405, at *1 (E.D. Pa. Jan. 28, 1998). Without such crucial information, the Court cannot assume that the Plaintiff prefers or would be prepared to represent himself instead of being represented by counsel.  Discovery in this case is currently scheduled to close in two weeks and summary judgment and *Daubert* motions are due next month.  (*See* Scheduling Order, ECF No. 13.)  Under these circumstances, at the very least, the Court cannot conclude that Plaintiff will suffer no prejudice from Cornish's withdrawal.  *See Carter*, 2000 WL 537380, at *2 ("Compelling Carter to try his own case when he would prefer to be represented by a qualified attorney must be considered prejudicial to him.").

Finally, allowing Cornish to withdraw threatens the Court's effective administration of this case.  *See Carter*, 2000 WL 537380, at *2 (reasoning that "trying a *pro se* case where the plaintiff does not wish to act on his own behalf" administers justice "in a way which obviously impairs the efficiency of the court"); *cf. Alzheimer's Inst. of Am.*, 2011 WL 6088625, at *10 ("Allowing [plaintiff's attorneys] to withdraw will disrupt the flow of the litigation.").  Given the lack of good cause for Cornish's withdrawal, the Court finds that its need for efficient administration outweighs Cornish's alleged concerns over the viability of Plaintiff's claims.  *See Ohntrup*, 802 F.2d at 679 ("[T]he district court fairly balanced Morgan's concerns with the court's need for effective communication and efficient administration.").

"[F]undamental fairness" to the litigants and to the Court requires Cornish to continue with his representation of Plaintiff.  *Mervan*, 1994 WL 327626, at *2.  Upon agreeing to take Plaintiff's case, Cornish obligated himself under the Pennsylvania Rules of Professional Conduct to represent Plaintiff competently "and to completion."  The Court therefore denies Cornish's Motion for Leave to Withdraw.

An appropriate order follows.

                                                    */s/ Gerald J. Pappert*
                                                    GERALD J. PAPPERT, J.